Schindlin, T

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/23/07

150174.1
Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A., *et al.*, :

                           Plaintiffs,          :

v.                                              :

LANDAU JEWELRY, *et al.*,                       :

                           Defendant.           :
-------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A., *et al.*, :

                           Plaintiff,           :

v.                                              :

ZIRCONMANIA, INC., *et al.*,                    :

                           Defendants.          :
-------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A.; *et al.*, :

                           Plaintiffs,          :

v.                                              :

JJ GOLD INTERNATIONAL, INC. d/b/a               :
LAUREN G. ADAMS, *et al.*,                      :

                           Defendants.          :
-------------------------------------------------------------x

Consolidated Civil Actions

No. 07-CV-564 (SAS)

## STIPULATED CONFIDENTIALITY ORDER

1.      This Confidentiality Order ("Confidentiality Order" or "Order") shall govern the designation and handling of non-public information and designated Confidential Information produced in discovery in this Action.

2.      All information obtained by discovery in this Action and designated either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be used only for the purposes of this Action and disclosure shall be limited as provided herein. Any party or non-party may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" any documents, testimony, or other information produced or provided in this Action, which the designating party believes in good faith is subject to protection under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Confidential Material").

3.  .   Confidential documents or information shall be so designated by affixing one of the following legends in a size and location that makes the designation readily apparent and does not obscure or deface the document:

**CONFIDENTIAL**


or:

**HIGHLY CONFIDENTIAL**

provided, however, that Confidential Material stamped or designated by the parties as CONFIDENTIAL prior to the entry of this order shall be understood to be designated as HIGHLY CONFIDENTIAL.

4.      If any documents or information are inadvertently produced or disclosed without such CONFIDENTIAL or HIGHLY CONFIDENTIAL designation, the producing party may as soon as practicable so advise all parties of the inadvertent disclosure and request that the information and

2

documents be treated as CONFIDENTIAL or HIGHLY CONFIDENTIAL to the extent possible after such notification, by producing again copies of the documents or information with the legend required by paragraph 3 hereof. In such event, the receiving party shall notify any person not a Qualified Person as hereinafter defined , advise them to maintain confidentiality of the information and attempt to retrieve the subject information and documents by sending them a letter.

5.      Any party wishing to designate as CONFIDENTIAL or HIGHLY CONFIDENTIAL any deposition testimony or documents submitted as exhibits to depositions may do so on the record during the deposition, or, to the extent the party inadvertently or mistakenly fails to do so, within 10 days after receipt of the deposition transcript and exhibits, by providing written notice of the designation to the parties and any other affected person as required by paragraph 4. The party making the designation at the deposition shall be responsible for informing the court reporter in order to have those portions of the deposition transcript and exhibits designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL appropriately marked and separately bound by the court reporter.

6.      All documents and information designated CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be disclosed only to Qualified Persons as hereinafter defined and shall not be further disclosed by them except to Qualified Persons for the same or greater level of confidentiality. Such information shall be used solely for purposes of this Action and shall not be disclosed for any other purpose. Notwithstanding the foregoing, any counsel for any party shall be entitled to use Confidential Material identifying a non-party and its role in connection with the items which are the subject of this Action to the extent necessary to pursue discovery of that non-party in connection with such merchandise or to investigate, commence, pursue, or defend legal Action with that non-party in connection with such

3

merchandise. However, prior to initiating an action anywhere in the world against any party identified in confidential documents or information, the party seeking to initiate such an action shall notify counsel for the other party and provide that party ten business days prior notice.

7.     Confidential Material filed with the Court for any purpose shall be so designated as provided in paragraph 3 and shall be filed in a sealed envelope or other container, marked on the outside with the caption of this Action and the following statement:

"CONFIDENTIAL -SUBJECT TO CONFIDENTIALITY ORDER"

8.     Confidential Material may only be disclosed to the Court and its personnel and Qualified Persons, and shall not be disclosed to any other persons.

9.     With respect to Confidential Material designated as CONFIDENTIAL, Qualified Persons shall be:

(a)     Partners of and associate attorneys employed by the law firms of record representing the parties and non-parties in this Action, and in-house counsel, employed by the Parties, and their respective secretarial, clerical and paralegal employees whose functions require access to such Confidential Material for purposes of this Action.

(b)     Expert consultants and expert witnesses who are retained for the purpose of preparing for, or testifying at the trial of this Action, but only as to such Confidential Material as directly relates to the matters and issues for which

4

that expert has been retained and with prior notice as provided in paragraph 11 hereof, and provided that before disclosure of Confidential Material to such persons, each shall be supplied with a copy of this Stipulation and Confidentiality Order and shall execute an acknowledgment of having read and agreed to be bound, in the form annexed hereto. Any such expert who signs such agreement shall thereby submits to the jurisdiction of the United States Court for the Southern District of New York for the purposes of enforcing the Confidentiality Order and the punishment of any violation thereof.

(c)     Such officers, directors or employees of a receiving party whom counsel for said party reasonably determines needs to be shown such Confidential Material to assist counsel's prosecution or defense of this Action, provided that before disclosure of Confidential Material to such persons, each shall be supplied with a copy of this Stipulation and Confidentiality Order and shall execute an acknowledgment of having read and agreed to be bound, in the form annexed.

(d)     Counsel making disclosures as permitted herein will be responsible for informing the recipients of Confidential Material of the terms of this Stipulation at the time of disclosure and that they will be subject to the terms of this Stipulation, and for obtaining the prior signed acknowledgment in the case of Qualified Persons as defined in subparagraphs (b) and (c) above.

10.     With respect to Confidential Material designated as HIGHLY CONFIDENTIAL, Qualified Persons shall be:

5

(a) Partners of and associate attorneys employed by the law firms of record representing the parties and non-parties in this Action, and in-house counsel, employed by the Parties, and their respective secretarial, clerical and paralegal employees whose functions require access to such Confidential Material for purposes of this Action.

(b) Expert consultants and expert witnesses who are retained for the purpose of preparing for, or testifying at the trial of this Action, but only as to such Confidential Material as directly relates to the matters and issues for which that expert has been retained and with prior notice as provided in paragraph 11 hereof, and provided that before disclosure of Confidential Material to such person, each shall be supplied with a copy of this Stipulation and Confidentiality Order and shall execute an acknowledgment of having read and agreeing to be bound, in the form annexed hereto. Any such expert who signs such agreement shall thereby submits to the jurisdiction of the United States Court for the Southern District of New York for the purposes of enforcing the Confidentiality Order and the punishment of any violation thereof.

(c) Counsel making disclosures as permitted herein will be responsible for informing the recipients of Confidential Material of the terms of this Stipulation at the time of disclosure and that they will be subject to the terms of this Stipulation, and for obtaining the prior signed acknowledgment in the case of Qualified Persons as defined in subparagraph (b) above.

6

11.    With respect to the Qualified Persons referred to in paragraphs 9(b) and 10(b) hereof, the receiving party proposing to disclose Confidential Material to such expert shall give the party who designated confidentiality at least ten (10) days written notice of its intention to disclose such Confidential Material, together with the identity and curriculum vitae of such expert. If the designating party objects to such disclosure, said party may move the Court to prevent such disclosure within twenty days. Pending determination of the motion, no disclosure shall be made to such expert.

12.    In the event that at any time any receiving party disagrees with another's designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL, the parties shall first attempt to resolve their dispute by meeting and conferring. If the dispute is not resolved through the meet and confer process within 5 days, the party objecting to the confidentiality designation may at any time thereafter move the Court for appropriate relief with respect to the disputed designations. Any disputed document or other material shall be treated with the designated confidentiality until the Court rules upon any such motion.

13.    Nothing in this Protective Order shall be deemed a waiver of the right of any party to object to discovery as provided under the Federal Rules of Civil Procedure on any basis other than confidentiality. Nothing herein shall affect (a) the designating party's obligation to show "good cause" for the protection of the information under Rule 26(c) upon motion filed pursuant to paragraph 12, or (b) the right of any party to apply to the Court on notice to all affected parties to obtain relief from this Order or to remove the confidentiality designation from any document or information.

14.    At the final conclusion of this litigation, including any appeals, Confidential Material subject to this Order, including all copies thereof, shall be returned to the producing

7

party or destroyed. Within 90 days of the conclusion of this litigation, the party returning or destroying such Confidential Material shall certify in writing to the producing party that the Confidential Material has been returned or destroyed.

15.     Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own confidential information to any person.

16.     The restrictions set forth in any of the proceeding paragraphs shall not apply to written information or material that:

> (a)     was or has become public knowledge in a manner not in violation of this Confidentiality Order;
>
> (b)     is acquired by the receiving party without the process of the court from a third party having the right to disclose such information or material;
>
> (c)     was lawfully possessed by the receiving party prior to entry by the Court of this Confidentiality Order;
>
> (d)     is information learned independently by the receiving party without use of the Confidential Material.

8

17.     The terms of this order shall survive the final termination of this Action with

respect to enforcing compliance herewith.

IT IS SO STIPULATED:

KALOW & SPRINGUT LLP
488 Madison Avenue
New York, NY 10022
Telephone: (212) 813-1600
Fax: (212) 813-9600
Counsel for Plaintiffs

Dated:  October 15, 2007

By: _____

Milton Springut, Esq.
Tal S. Benschar, Esq.

FELDMAN LAW GROUP
12 E. 41st Street – 16th Floor
New York, NY 10017
Telephone: (212) 532-8585
Fax: (212) 532-8598
(Counsel for Defendants)

Dated:  October 15, 2007

By: _____

Kenneth Feldman, Esq.

IT IS SO ORDERED:

Dated:  Oct 22 , 2007
New York, New York

By: _____

Honorable Shira A. Scheindlin,
United States District Judge

9

Milton Springut (MS6571)
Tal S. Benschar (TSB0838)
KALOW & SPRINGUT LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A., *et al.*, :

                   Plaintiffs,         :

v.                             :

LANDAU JEWELRY, *et al.*,       :

                   Defendant.   :
---------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A., *et al.*, :

                   Plaintiff,        :

v.                             :

ZIRCONMANIA, INC., *et al.*,    :

                   Defendants.  :
---------------------------------------------------------------x
VAN CLEEF & ARPELS LOGISTICS, S.A.; *et al.*, :

                   Plaintiffs,         :

v.                             :

JJ GOLD INTERNATIONAL, INC. d/b/a  :
LAUREN G. ADAMS, *et al.*,      :

                   Defendants.  :
---------------------------------------------------------------x

Consolidated Civil Actions

No. 07-CV-564 (SAS)

## AGREEMENT TO BE BOUND BY CONFIDENTIALITY ORDER

    The undersigned states that he/she has read and understands the Stipulation and

10

Confidentiality Order entered by the Court in this action and agrees to abide by and be bound by its terms and conditions.

Dated: _____          Signed:_____

                                  Print Name: _____

                                  Address  _____