UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

VAN CLEEF & ARPELS LOGISTICS, S.A., VAN
CLEEF & ARPELS, INC., and VAN CLEEF &
ARPELS DISTRIBUTION, INC.,

        Plaintiffs,

  - against -

LANDAU JEWELRY and JOHN DOES 1-10,

        Defendants.

-------------------------------------------------------------X

VAN CLEEF & ARPELS LOGISTICS, S.A., VAN
CLEEF & ARPELS, INC., and VAN CLEEF &
ARPELS DISTRIBUTION, INC.,

        Plaintiffs,

  - against -

ZIRCONMANIA, INC, JACOB HASSIDIM, and
JOHN DOES 1-10,

        Defendants.

-------------------------------------------------------------X

**MEMORANDUM
OPINION
AND ORDER**

07 Civ. 564 (SAS)

1

VAN CLEEF & ARPELS LOGISTICS, S.A., VAN
CLEEF & ARPELS, INC., and VAN CLEEF &
ARPELS DISTRIBUTION, INC.,

**Plaintiffs,**

- against -

JJ GOLD INTERNATIONAL, INC. d/b/a LAUREN
G. ADAMS, R&R REPLICAS, and JOHN DOES 1-
10,

**Defendants.**

-------------------------------------------------------------------X

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I. INTRODUCTION AND BACKGROUND

On April 18, 2008, this Court issued an Opinion and Order granting plaintiffs' motion for partial summary judgment concerning the validity of their copyright in the "Vintage Alhambra" design ("the Design") and denying defendants' cross-motion on the same issue.[1] On October, 4, 2008, this Court issued a Memorandum Opinion and Order granting defendants' motion for reconsideration but adhering to its original decision that Van Cleef & Arpels holds

---

[1] *See Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, 547 F. Supp. 2d 356 (S.D.N.Y. 2008).

2

a valid United States copyright over the Design.² On October 22, 2008, this Court rejected a second motion for reconsideration filed by defendants.³

Along with their second motion for reconsideration, defendants moved for leave to file an interlocutory appeal concerning the validity of plaintiffs' copyright, pursuant to 28 U.S.C. § 1292(b). For the reasons described below, defendants' motion is denied.

## II. LEGAL STANDARD

Appeals of interlocutory district court orders are governed by 28 U.S.C. § 1292(b). Under section 1292(b), the order being appealed must "(1) involve a controlling question of law (2) over which there is substantial ground for difference of opinion," and the movant must also show that "(3) an immediate appeal would materially advance the ultimate termination of the litigation."⁴ In addition, leave to appeal is warranted only when the movant demonstrates the existence of "exceptional circumstances"⁵ sufficient to overcome the "general

---

² *See Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, No. 07 Civ. 564, 2008 WL 4489784 (S.D.N.Y. Oct. 4, 2008).

³ *See Van Cleef & Arpels Logistics, S.A. v. Landau Jewelry*, No. 07 Civ. 564, Docket No. 79 (S.D.N.Y. Oct. 22, 2008).

⁴ 28 U.S.C. § 1292(b).

⁵ *Williston v. Eggleston*, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006).

3

aversion to piecemeal litigation"[6] and to "justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment."[7] Interlocutory appeal "is limited to 'extraordinary cases where appellate review might avoid protracted and expensive litigation,' . . . and is not intended as a vehicle to provide early review of difficult rulings in hard cases."[8] The decision whether to grant an interlocutory appeal from a district court order lies within the district court's discretion.[9]

## III. DISCUSSION

All three of the enumerated factors in section 1292(b) counsel against permitting an interlocutory appeal in this matter. *First*, defendants do not question this Court's interpretations of the copyright law; thus any prospective appeal

---

[6] *In re AroChem Corp.*, 176 F.3d 610, 619 (2d Cir. 1999). *Accord Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 95 (2d Cir. 1997).

[7] *In re Flor*, 79 F.3d 281, 284 (2d Cir. 1996) (quotation marks and citations omitted).

[8] *In re Levine*, No. 03 Civ. 7146, 2004 WL 764709, at *2 (S.D.N.Y. Apr. 9, 2004) (quoting *German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995)).

[9] *See, e.g., Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("[D]istrict courts [have] first line discretion to allow interlocutory appeals."); *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003); *DM Rothman Co., Inc. v. Cohen Mktg. Int'l, Inc.*, No. 98 Civ. 7905, 2006 WL 2128064, at *1 (S.D.N.Y. July 27, 2006).

4

would focus on the application of the statute to the limited facts of this case.[10] *Second*, defendants have evinced neither conflicting legal authority nor issues of first impression within the Second Circuit.[11] *Third*, an interlocutory appeal is not "'likely to advance the time for trial or shorten the time required for trial.'"[12] Rather it would introduce unwarranted delay into this case. "In practice the courts treat the statutory criteria as a unitary requirement, and the decisions granting and discussing interlocutory appeals under [section] 1292(b) uniformly cite all three of the elements as being present in any particular case."[13] None of the three are present here. Defendants' motion is therefore denied.

---

[10] *See In re Worldcom, Inc.*, No. M47, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003).

[11] *See In re Lloyd's Am. Trust Funds Litig.*, No. 96 Civ. 1262, 1997 WL 458739, at *5 (S.D.N.Y. Aug. 12, 1997) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 25 (2d Cir. 1990)).

[12] *Transportation Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.*, 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D.N.Y. 1998)).

[13] *Estevez-Yalcin v. The Children's Village*, No. 01 Civ. 8784, 2006 WL 3420833, at *1 (S.D.N.Y. Nov. 27, 2006) (quotation marks and citation omitted).

## IV. CONCLUSION

For the foregoing reasons, defendants' motion for leave to file an interlocutory appeal is denied. The Clerk of the Court is directed to close this motion (docket no. 77). A conference is scheduled for October 30, 2008 at 3:30 p.m.

                                          SO ORDERED:

                                          Shira A. Scheindlin
                                          U.S.D.J.

Dated:      New York, New York
              October 25, 2008

## - Appearances -

**For Plaintiffs:**

Milton Springut, Esq.
Tal S. Benschar, Esq.
Kalow & Springut LLP
488 Madison Avenue
New York, New York 10022
(212) 813-1600

**For Defendants**:

Kenneth Feldman, Esq.
Stephen Edward Feldman, Esq.
Feldman Law Group
12 East 41st Street
New York, New York 10017
(212) 532-8585